**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Cherie Drinkwater | * | Case No. 3:20-cv-2763 |
| 1570 Ayers Rd. | | |
| Millbury, Ohio 43447, | * | |
| | | Judge |
| Plaintiff, | * | |
| | | Magistrate Judge |
| v. | * | |
| | | |
| Tronair, Inc. | * | **COMPLAINT FOR DAMAGES AND** |
| C/O CT Corporation System | | **INJUNCTIVE RELIEF** |
| 4400 Easton Commons Way, Suite 125 | * | |
| Columbus, Ohio 43219 | | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| Defendant. | | |
| | * | |

Now comes Plaintiff Cherie Drinkwater ("Ms. Drinkwater" or "Plaintiff"), through undersigned counsel, for her complaint against Defendant Tronair, Inc. ("Tronair" or "Defendant"), and hereby states as follows:

## PRELIMINARY STATEMENT

1.    This action seeks compensatory and punitive damages, pre-judgment and post-judgment interest, costs, back pay, front pay, and attorneys' fees under federal law against Defendant Tronair, Inc. ("Tronair" or "Defendant") to redress violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*

## PARTIES

2.    Plaintiff, Ms. Drinkwater, is a female who resides in Millbury, Ohio, which is within this judicial district. At all times relevant, Plaintiff is a person and an "eligible employee" within the meaning of the FMLA because she was employed by Defendant other than in domestic service

Page **1** of **10**

for at least twelve (12) months and for at least 1,250 hours of service during the twelve (12)

months before she sought FMLA leave and was employed at a worksite where fifty (50) or more

employees are employed within seventy-five (75) miles of that worksite. *See* also 29 C.F.R. §

825.110. Further stating, Plaintiff was an "employee" as that term is defined under Title VII.

3.      Defendant is a foreign corporation that is authorized to conduct business in Ohio, which

conducts substantial business throughout Ohio, including the Northern District of Ohio. At all

times relevant, Defendant employed Plaintiff.  Further stating, Defendant is an "employer" of

Plaintiff as that term is defined in the FMLA because it is engaged in commerce or in any industry

or activity affecting commerce that employs or employed at least fifty (50) or more employees at

or within a 75-mile radius of the Plaintiff's worksite for each working day during each of 20 or

more calendar workweeks in the year of or the calendar year preceding the events giving rise to

this cause of action. Further stating, Defendant was an "employer" as that term is defined in Title

VII.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 which

grant federal district courts jurisdiction over federal question and civil rights actions, respectively.

5.      Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(2) as all or a substantial part

of the events or omissions giving rise to the claim occurred in the Northern District of Ohio,

Western Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      This case was timely filed within 90 days of Plaintiff's receipt of the Notice of Right to

Sue letter from the U.S. Equal Employment Opportunity Commission against Tronair for her

claims under Title VII. As such, Plaintiff has satisfied all procedural requirements prior to commencing this action.

## **FACTS**

7.      Plaintiff was employed with Tronair for approximately three (3) years at its headquarters in Swanton, Ohio, ultimately reporting as a member of its Senior Leadership Team as the Senior Director of Human Resources.

8.      Until events at issue, Plaintiff consistently received positive reviews and advanced within Tronair. She had no known legitimate disciplinary issues, and she was a reliable employee among the male-dominated environment at Tronair.

9.      In 2018, Tronair hired a new President and CEO, Paul Schwarzbaum.

10.     In 2019, under Mr. Schwarzbaum, Plaintiff's duties and responsibilities increased, and he required Ms. Drinkwater to report directly to him as a member of the Senior Leadership Team at Tronair.

11.     Ms. Drinkwater requested an increase in her compensation to be at the same level as her male colleagues within the Senior Leadership Team with Tronair, which came with immediate pushback and was denied by Mr. Schwarzbaum. Plaintiff's reasonable requests to be compensated to that of her male colleagues on the Senior Leadership Team were made more than once by Ms. Drinkwater; each time, they were denied.

12.     On February 23, 2019, Ms. Drinkwater contracted the flu and was hospitalized. She sought out and was approved for FMLA leave due to her hospitalization and took through March 3, 2019 to recover.

13.     Unfortunately, during the foregoing time period and Plaintiff's FMLA leave, rather than allow Ms. Drinkwater to recover, Mr. Schwarzbaum began to continuously call or otherwise

repeatedly communicate with Plaintiff about her inability to immediately return his emails and/or text messages. Mr. Schwarzbaum then complained to the rest of Plaintiff's Human Resources Department that they suffered because it "needed a leader" and she wasn't one. Ultimately, Ms. Drinkwater reasonably believed Mr. Schwarzbaum's comment to be evidence of his discriminatory animus and/or retaliation towards her, and she protested it to him directly.

14.    On March 27, 2019, Ms. Drinkwater was forced to have an emergency hernia surgery, which was not only outside of her control but also a serious health condition under the FMLA. According to the FMLA documentation, Ms. Drinkwater's physician thought that she could return to work on May 8, 2019.

15.    During this FMLA leave, Ms. Drinkwater was directed to call into Tronair by Mr. Schwarzbaum. At this time, Plaintiff was informed that Mr. Schwarzbaum was "dissatisfied" with her performance, citing no particulars, and he then informed Ms. Drinkwater that she was being demoted and would be placed on a Performance Improvement Plan immediately. Plaintiff was also informed that she would be reporting to a subordinate colleague, and her employment was threatened repeatedly by Mr. Schwarzbaum, which she also protested and opposed as further evidence of his discriminatory animus and/or retaliation towards her.

16.    Due to the foregoing, Ms. Drinkwater's health deteriorated, and her serious health condition required an extension of her FMLA leave through June 1, 2019.

17.    As a result of the foregoing, Ms. Drinkwater reasonably feared that her termination was not only imminent but likely given the foregoing conduct, and these circumstances became so objectively intolerable that a reasonable person under the same circumstances would have felt compelled to resign, to protect her career, employee benefits, and well-being. Given no other

alternative, Ms. Drinkwater was constructively discharged due to the above-described discrimination and retaliation by Defendant.

## CAUSES OF ACTION
### COUNT I
### (Gender Discrimination in Violation of Title VII)

18.     All of the preceding paragraphs are realleged as if fully rewritten herein.

19.     Plaintiff's sex is a protected class under Title VII.

20.     During her employment, Plaintiff was qualified for her position, which she maintained successfully with Tronair under several chief executives, ultimately reporting within Tronair's Senior Leadership Team.

21.     Despite the foregoing, Defendant refused to compensate Plaintiff equally to that of similarly situated male employees. Ultimately, Plaintiff was replaced by a male who was then compensated far more than Plaintiff on the basis of gender in violation of Title VII.

22.     Defendant has willfully violated and continues to intentionally violate Title VII by denying Plaintiff the equal terms and conditions of employment afforded to Defendant's similarly situated male employees on the basis of gender.

23.     As a direct and proximate result of Defendant's willful and ongoing violations of Title VII, Plaintiff has suffered and will continue to suffer damages for which Defendant is liable, including but not limited to: actual and compensatory damages; back pay; front pay or future damages; lost benefits; interest; reasonable attorney's and expert fees; costs; and any additional legal or equitable relief that this Court deems just and proper.

### COUNT II
### (Retaliation in Violation of Title VII)

24.     All of the preceding paragraphs are realleged as if fully rewritten herein.

25.    Plaintiff opposed Defendant's gender discrimination against her and, as a result, was subjected to materially adverse actions by Tronair, including the reduction of her job duties, the reassignment of her duties, demotion, placement on a Performance Improvement Plan, repeated threats of termination, a refusal to equal terms and conditions of employment, as well as constructive discharge within a period of several months, demonstrating the casual connection between the termination and her protected activity.

26.    Through its actions and/or inaction, Tronair has denied Plaintiff the enjoyment of all benefits, privileges, terms and conditions of its employment that it offers to its employees and have resulted in retaliation against Plaintiff in violation of Title VII.

27.    As a direct and proximate result of Defendant's willful and ongoing violations of Title VII, Plaintiff has suffered and will continue to suffer damages for which Defendant is liable, including but not limited to: actual and compensatory damages; back pay; front pay or future damages; lost benefits; interest; reasonable attorney's and expert fees; costs; and any additional legal or equitable relief that this Court deems just and proper.

### COUNT III
### (FMLA Interference with Rights – 29 U.S.C. § 2615, *et seq.*)

28.    All of the preceding paragraphs are realleged as if fully rewritten herein.

29.    At all times relevant, Plaintiff is a person employed by Defendant other than in domestic service for at least twelve (12) months and for at least 1,250 hours of service during the twelve (12) months before Defendant interfered with Plaintiff's FMLA rights as described above.

30.    At all times relevant, Defendant is an employer as defined by the FMLA under 29 U.S.C. § 261(4)(A)(ii)(I) because it is engaged in commerce or in any industry affecting commerce that employs or employed at least fifty (50) or more employees at or within a 75-mile radius of the

Plaintiff's worksite for each working day during each of 20 or more calendar workweeks in the year of or the calendar year preceding the events giving rise to this cause of action.

31.     Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with an employee's right to exercise FMLA leave. Despite Plaintiff's attempts to and exercise of her rights under FMLA for protected medical leave, Defendant, through its agents or assigns, interfered with Plaintiff's attempt to and/or exercise of her FMLA rights by engaging in the following non-exhaustive list of conduct, including but not limited to: (1) discouraging her use of medical leave; (2) holding Plaintiff's medical leave against her through performance improvement plans and/or further unreasonable scrutiny and behavior; (3) disciplining her during her medical leave; and/or (4) otherwise treating her less favorably than similarly situated employees who did not exercise or attempt to exercise their FMLA rights or did not suffer from a serious health condition.

32.     By and through the foregoing, Defendant has willfully and/or recklessly retaliated against, interfered with, restrained, and/or denied Plaintiff's rights in violation of the FMLA.

33.     By engaging in the foregoing conduct, Defendant has interfered with Plaintiff's exercise of her FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

34.     As a result of Defendant's interference, Plaintiff was harmed in the fact that she suffered an adverse employment action, including being placed on a PIP, demoted, repeatedly threatened with termination, denied benefits to which she is entitled under the FMLA and was constructively discharged for her use of her FMLA rights.

35.     Defendant lacked good faith to believe it had not violated the FMLA in its actions.

36.     As a direct a proximate result of Defendant's actions, Plaintiff has suffered damages, in accordance with 29 U.S.C. § 2617(a). Tronair is liable to Plaintiff for recovery of her damages,

including but not limited to recovery of double her actual damages in liquidated damages, equitable relief as this Court may deem appropriate, interest, their attorneys' fees, and costs.

## COUNT IV
### (FMLA Retaliation – 29 U.S.C. § 2615, *et seq*.)

37.     All of the preceding paragraphs are realleged as if fully rewritten herein.

38.     Throughout Plaintiff's employment relationship with Defendant, Plaintiff exercised and/or attempted to exercise her rights under the FMLA and engaged in protected activity because (1) she used medical leave for qualifying reasons and (2) she opposed being discriminated against in the form of discipline under the FMLA.

39.     In response, Defendants retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights by taking the following non-exhaustive list of actions:   (1) holding her use of medical leave for her disability and/or serious health condition as a negative factor in Plaintiff's employment; (2) discouraging or otherwise interfering with Plaintiff's medical leave by unwarranted scrutiny or discipline; (3) disciplining and terminating Plaintiff's employment because of her protected activity; and (4) demoting and/or failing to reinstate Plaintiff to her position.

40.     By engaging in the foregoing conduct, Defendants have retaliated against Plaintiff's attempt to or exercise of her FMLA rights, in violation of 29 U.S.C. § 2615(a) and (b).

41.     As a result of Defendant's retaliatory conduct, Plaintiff suffered an adverse employment action in the form of a PIP, a demotion, and/or constructively discharged for her use of her FMLA rights.

42.     Defendant lacked good faith to believe it had not violated the FMLA in its actions.

43.     As a direct a proximate result of Defendant's actions, Plaintiff has suffered damages, in accordance with 29 U.S.C. § 2617(a). Tronair is liable to Plaintiff for recovery of her damages,

including but not limited to recovery of double her actual damages in liquidated damages, equitable relief as this Court may deem appropriate, including reinstatement, interest, their attorneys' fees, and costs.

44.     By engaging in the foregoing conduct, Defendant has retaliated against Plaintiff's exercise of his FMLA rights, in violation of 29 U.S.C. § 2615(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant as follows:

(a) Ordering Defendant to pay Plaintiff her economic and noneconomic damages, to be determined at a later date;

(b) Ordering Defendant to pay liquidated damages in an amount equal to her compensatory damages;

(c) Ordering Defendant to pay punitive damages;

(d) Awarding Plaintiff costs and reasonable attorneys' fees associated with this action; and

(e) Directing such other and further relief as the Court may deem just or appropriate.


Respectfully submitted,

**BRYANT LEGAL, LLC**

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com
*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)
*Attorney for Plaintiff*